UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY REEDY,

        Plaintiff,

                                                  Case No. 15-11401

vs.

                                                  HON. GEORGE CARAM STEEH

RICH TRANSPORT, LLC, et al,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR LEAVE TO FILE SUR-REPLY (DOC. 18)

      This matter came before the court on Plaintiff's motion for leave to file a sur-reply to Defendants' motion for partial summary judgment. On December 2, 2015, Defendants filed a motion for partial summary judgment as to two claims brought by Plaintiff. Plaintiff filed a response to that motion on January 4, 2016. Defendants then filed a reply on January 25, 2016. On January 27, 2016 Plaintiff filed the motion for leave to file a sur-reply, which is before the court now.

      Plaintiff argues that Defendants raised new arguments in their reply brief that should be dismissed. Specifically, Plaintiff argues that Defendants' reply brief included new arguments as to both Plaintiff's marital discrimination claim and Plaintiff's WDCA retaliation claim. This court finds that Defendants did not raise new arguments; however, in order to ensure a complete record, the court will allow plaintiff to file a sur-reply as to the arguments.

### Legal Standard

      The decision whether or not to grant a sur-reply is within the court's discretion.

*Mirando v. U.S. Dep't of Treasury*, 766 F.3d 540, 549 (6th Cir. 2014). The court may, in its discretion, grant a sur-reply "for the benefit of a more fully developed record." *Findling v. Int'l Transmission Co.*, 2006 WL 1663296 (E.D. Mich. June 15, 2006). *See also United States v. Gordon*, 2012 WL 3134344 (E.D. Mich. Aug. 1, 2012) (recognizing that sur-replies may be granted to "ensure a complete record").

**A. Marital Discrimination Claim:**

Plaintiff points to three allegedly new arguments regarding Plaintiff's marital discrimination claim raised by Defendants in their reply: 1) Plaintiff cannot establish the first element of his *prima facie* case, that plaintiff is part of a protected class, 2) Plaintiff's claim fails because it is allegedly premised on a "perceived" characteristic, and 3) Plaintiff allegedly cannot establish pretext under the *McDonnell Douglas* framework.

As to the first argument, the court finds that this is in fact not a new argument. Defendants cite to language in their motion for partial summary judgment that the Court agrees is dispositive on this matter. Specifically, Defendants' motion reads: "Plaintiff cannot meet the first element of *prima facie* claim of marital status, which is that he is a member of a protected class." (Doc. 11, Pg ID 308). Plaintiff argues that this should be disregarded because the next sentence in Defendant's motion reads: "Although technically every person in the state of Michigan falls under the 'protected class' for marital status discrimination purposes . . . ." (*Id.*). However, this is not a concession from Defendants that the first element is satisfied. It merely implies that discrimination based on marital status can affect both single and married individuals. With that in mind, context, coupled with the above cited passage, makes it clear that Defendants have already raised this argument, and it should not be waived. The court, does, however,

recognize Plaintiff's confusion, and the court concludes that a sur-reply would be useful to more fully develop the record. Plaintiff's motion to file a sur-reply as to this argument is GRANTED.

As to the second argument regarding marital discrimination, the court agrees with Defendants that this is not a new argument. Plaintiff's response to Defendants' motion relies on testimony from Plaintiff's co-workers, Mr. Arce and Ms. Chandler, to insinuate that, even if he was not technically divorced, his co-workers understood him to be a single parent. (Doc. 13, Pg ID 327). This was not an argument previously advanced by Plaintiff. So, Defendants were justified in replying to these responses from Plaintiff. This is not a new argument. However, the court again recognizes the value of providing a complete record, and Plaintiff's motion to file a sur-reply as to this argument is, therefore, GRANTED.

Finally, the court agrees with Defendants that the third argument regarding marital discrimination is not in fact a new argument. Plaintiff claims that because Defendants did not discuss pretext under the *McDonnell Douglas* framework, the Defendants are precluded from discussing it now. In their motion for partial summary judgment, it would be unreasonable to require Defendants to include a discussion of pretext when Plaintiffs had not yet raised that argument. This is not a new argument asserted by Defendants; it is an appropriate reply to Plaintiff's response. Plaintiff, in his response to Defendants' motion for partial summary judgment, already argued that pretext can be established. (Doc. 13, Pg ID 28-29). However, if Plaintiff wishes to provide additional argument within the narrow page limit set forth by the court for a sur-reply, Plaintiff may do so. Plaintiff's motion to file a sur-reply as to this argument is

GRANTED.

**B. WDCA Retaliation Claim:**

Plaintiff alleges that Defendants' arguments attacking the WDCA retaliation claim were first raised in Defendants' reply and constitute new arguments that should, therefore, be deemed waived. Defendants, in their motion for partial summary judgment, put forth a one-sentence argument discussing Plaintiff's WDCA retaliation claim: "Plaintiff's retaliatory discharge claim must fail because he cannot offer a shred of evidence to establish retaliation." (Doc. 10, Pg ID 100). Then, in reply to Plaintiff's response, Defendants asserted several specific arguments, which Plaintiff claims are new. Defendants, on the other hand, argue that before Plaintiff's response, it was "very unclear to Defendants the basis for this claim." (Doc. 16, Pg ID 545). In addition Defendants insist that these arguments are not new; rather they are "one in the same" with the original one-sentence argument. (*Id.*). The court finds these not to be new arguments; however, in the interest of providing a complete record, Plaintiff's motion to file a sur-reply as to this argument is GRANTED.

IT IS ORDERED that Plaintiffs may file a sur-reply as to Defendants' arguments addressed herein. Plaintiff should limit his sur-reply to 7 pages due on or before April 27, 2016.

Dated: April 20, 2016

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 20, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk